## RACINE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 27, 1901.)

### No. 16.

CUSTOMS DUTIES—WATCHES.

Act 1897, par. 191, imposes specific and ad valorem duties on "watch movements, whether imported in cases or not," and then provides that "watch cases and parts of watches" shall pay 40 per cent. ad valorem. *Held*, that while such paragraph assumed that completed watches, includ-

ing case and works, would sometimes be imported, it nevertheless imposed duties on the cases separately, and that they were not dutiable as an entirety, under the first half of such paragraph, as "watch movements in cases."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers (99 Fed. 557), which sustained the action of the collector of the port of New York in assessing certain imported merchandise for duty.

W. B. Coughtry, for appellants.
W. G. Thompson, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importation was under the tariff act of 1897, paragraph 191 of which reads as follows:

"Par. 191. Watch movements, whether imported in cases or not, if having not more than seven jewels, thirty-five cents each; if having more than seven jewels and not more than eleven jewels, fifty cents each; if having more than eleven jewels and not more than fifteen jewels, seventy-five cents each; if having more than fifteen jewels and not more than seventeen jewels, one dollar and twenty-five cents each; if having more than seventeen jewels, three dollars each, and in addition thereto, on all the foregoing, twenty-five per centum ad valorem; watch cases and parts of watches, including watch dials, chronometers, box or ship, and parts thereof, clocks and parts thereof, not otherwise provided for in this act, whether separately packed or otherwise, not composed wholly or in part of china, porcelain, parian, bisque, or earthenware, forty per centum ad valorem; all jewels for use in the manufacture of watches or clocks ten per centum ad valorem."

The articles imported were watches. The collector assessed a specific duty of from 35 cents to $3 each (according to the number of jewels); and 25 per cent. ad valorem additional thereto on the watch movements, and 40 per cent. ad valorem on the watch cases. The appellants claim that "watch movements in cases" are completed watches, and that in the absence of any specific designation of watches in the act of 1897 the article is dutiable as an entirety at 25 per cent. ad valorem, and a specific duty of from 35 cents to $3, according to the number of jewels in the watch. The plain grammatical construction of the first half of paragraph 191 is well paraphrased by the judge who heard the cause at circuit as follows:

"Watch movements, if having not more than seven jewels, thirty-five cents each," etc. "This paragraph shall apply to watch movements whether they are imported in cases or not."

We find no good reason for giving the paragraph any other than its grammatical construction. The word "watches" was one well known to congress. It had appeared in the earlier tariff acts. It was included in the second half of this paragraph, immediately before "watch cases," when the bill passed the house, but was dropped out of this act as finally passed. The natural conclusion is that congress decided not to lay any duty upon "watches" as such. If it had intended to include them in the first half of the paragraph,

as appellants contend, it would surely have transposed the word "watches" from its position in the second half to one in the first half, and not have undertaken to substitute for the old and well-known name "watches" the awkward phrase "watch movements imported in cases." Moreover, it will be observed that the language of the first part of the paragraph, although assuming that complete watches would sometimes be imported, nevertheless imposes duties only upon the watch movements imported in the cases, and not upon the cases. Unless the cases pay duty under the second half of the paragraph, they will escape duty altogether, since there is nothing in the first half which lays either specific or ad valorem duty upon them. The decision of the circuit court is affirmed.