### LORSCH et al. v. UNITED STATES.

(Circuit Court, S. D. New York. November 10, 1902.)

No. 2,783.

1. CUSTOMS DUTIES—IMITATION PEARLS—COMPETENCY OF EXPERTS.

Dealers in precious stones only are not competent to testify as to the commercial uses of ornaments claimed to be imitations of precious stones.

2. SAME—CLASSIFICATION.

Imitations of pearls, made of paste or glass, and mounted on wires, used for jewelry or ornamental purposes, are dutiable at 10 per cent. ad valorem, under paragraph 454 of the tariff act of 1890 and paragraph 338 of the tariff act of 1894, as "imitations of precious stones not set,"

and not under paragraph 108 of the act of 1890 as "manufactures of glass, not specially provided for," or under paragraph 351 of the act of 1894 as "manufactures of paste not specially provided for."

Appeal by the Importers from a Decision of the Board of General Appraisers Which Affirmed the Classification by the Collector of the Importation in Question.

Albert Comstock, for importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises various cheap representations of valuable stones and pearls used for jewelry and other ornamental purposes. A portion of it was assessed for duty as "manufactures of glass, not specially provided for," at 60 per cent. ad valorem, under the provisions of paragraph 108 of the act of October 1, 1890, and another portion under the provisions of paragraph 351 of the act of August 27, 1894, as "manufactures of paste, not specially provided for," at 25 per cent. ad valorem. It was claimed to be dutiable at 10 per cent. ad valorem, as "imitations of precious stones, * * * not set," under paragraphs 454 of the act of 1890 and 338 of the act of 1894. Some of the ornaments are set on posts. There is no contention on the part of the importers that they are not dutiable. That the ornaments are made of paste or glass is not disputed. That they are not set, except such as are on posts, is proved. They are not imitations of what are technically known as precious stones, which, according to the testimony, comprise only diamonds, rubies, emeralds, and sapphires, and perhaps cats' eyes and alexandrites. The great preponderance of testimony—in fact, almost the unanimous testimony—of dealers in such articles is that they are universally known in trade and commerce as imitations of precious stones. The chief question at issue is whether there is sufficient evidence under the rule to support the finding of the board of appraisers that they are not thus commercially known. It is admitted that the trade designation must control. The witnesses produced by the government who deal in real precious stones only, limited to the four or six varieties already stated, are not dealers in any imitations of precious stones, either in the technical or commercial sense. They are not, therefore, competent to testify as to the commercial uses of these ornaments. Furthermore, it appears from their testimony that the reason why they state that these articles are not imitations of precious stones is because they are not imitations of the diamond, ruby, emerald, sapphire, etc. It appears, however, from the decisions of the courts that various other stones, such as those simulated by these exhibits, have been held to be precious stones commercially in this country. In these circumstances it must be found that the definition of the experts called by the government is too limited, and that the evidence as to trade designation does not sufficiently support the finding of the board. The question as to whether imitations of pearls are imitations of precious stones has been especially pressed upon the court in the argument. Without reference to whether pearls are precious stones or not, it must be found on the evidence in this case that the imitations of pearls mounted on wires and shown in the

suit in question are known in trade and commerce as imitations of precious stones.

The decision of the board of appraisers is reversed.