UNITED STATES v. WEINBERG (two cases).

WEINBERG v.. UNITED STATES.

(Circuit Court, S. D. New York.    June 1, 1905.)

Nos. 3,674, 3,690, 3,703.

1. CUSTOMS DUTIES—CLASSIFICATION—IMITATION PRECIOUS STONES—IMITATION PEARLS.

   The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for imitations of precious stones, *held* to cover imitation whole and half pearls, including such as have been strung on wire for purposes of manufacture.

2. SAME—PIERCED IMITATION PEARLS—BEADS.

   Pierced imitation pearls are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], relating to "beads of all kinds, not threaded or strung," rather than under paragraph 435 (30 Stat. 192 [U. S. Comp. St. 1901, p. 1676]), as imitations of precious stones.

On Application for Review of Decisions of the Board of United States General Appraisers.

For decisions below, see G. A. 5,781, T. D. 25,563, and G. A. 5,784, T. D. 25,566, which related to importations at the port of New York by F. W. Weinberg.

These importations consisted of imitations or whole and half pearls, of which some were mounted on wire for purposes of manufacture, some were pierced and intended to be strung, and others were neither mounted nor pierced.   The kind last mentioned were classified as manufactures of paste, not specially provided for, under paragraph 112, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]; those mounted on wire were classified as parts of jewelry, under paragraph 434, Schedule N, § 1, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676]; and those that were pierced were classified under the provision in paragraph 408 for "beads of all kinds, not threaded or strung."   The importer contended that they should have been classified under paragraph 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], as imitations of precious stones.   This contention was sustained by the board, except as to the pierced goods.   The importer's appeal relates to the latter, and the government's appeals to the remainder of the merchandise.

Charles Duane Baker, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

TOWNSEND, Circuit Judge: The decision of the Board of General Appraisers is affirmed, on the authority of Lorsch v. U. S. (C. C.) 119 Fed. 476, and U. S. v. Morrison, 179 U. S. 456, 21 Sup. Ct. 195, 45 L. Ed. 275.