GUTHMAN, SOLOMONS & CO. v. UNITED STATES (No. 865).[1]

BROOCHES IN CHIEF VALUE OF BRASS OR GILT.

It is stipulated here that the merchandise is both commonly and commercially known as jewelry. Descriptively it would fall within the language of paragraph 448, tariff act of 1909, "all other articles of every description * * * composed wholly or in chief value of * * * brass * * * and designed to be worn on apparel or carried on or about or attached to the person." But the commercial must prevail over the descriptive designation, and the merchandise is dutiable as jewelry under that paragraph.—United States v. Vandegrift (3 Ct. Cust. Appls., 161; T. D. 32457); United States v. Guthman, Solomons & Co. (3 Ct. Cust. Appls., 276; T. D. 32572); United States v. Goldberg's Sons et al. (3 Ct. Cust. Appls., 282; T. D. 32573).

United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7330 (T. D. 32281).

[Reversed.]

Comstock & Washburn for appellants.

William L. Wemple, Assistant Attorney General (Charles E. McNabb, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal was briefed, argued, and submitted for decision with United States v. Guthman, Solomons & Co. (3 Ct. Cust. Appls., 276; T. D. 32572) and United States v. M. Goldberg's Sons and H. Wolff & Co., supra (T. D. 32573), this day decided. The considerations had in those two cases are applicable to this appeal and reference thereto is had.

The merchandise covered by this appeal consists of articles of personal adornment composed in chief value of brass, gilt, and set with imitation precious stones, and valued at 20 cents or more per dozen pieces. It is, in fact, brooches of the above description.

It is stipulated in this record that the articles "are commonly and commercially known as jewelry and is composed in chief value of brass."

The Board of General Appraisers held the articles properly dutiable under the first provision of paragraph 448 and subject also to the cumulative rate of duty provided in the fifth provision of said paragraph, making an aggregate assessment of 85 per cent ad valorem.

The first provision of said paragraph 448 reads as follows:

Chains, pins, collar, cuff, and dress buttons, charms, combs, millinery and military ornaments, together with all other articles of every description, finished or partly finished, if set with imitation precious stones composed of glass or paste (except imitation jet), or composed wholly or in chief value of silver, German silver, white metal, brass, or gun metal, whether or not enameled, washed, covered, plated or alloyed with gold, silver or nickel, and designed to be worn on apparel or carried on or about or attached to the person, valued at twenty cents per dozen pieces, one cent each and in addtion thereto three-fifths of one cent per dozen for each one cent the value exceeds twenty cents per dozen;

The cumulative or fifth provision reads:

All of the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act, twenty-five per centum ad valorem in addition to the specific rate or rates of duty herein provided.

The last provision, under which claim is here made by the appellant, the importer, is as follows:

All articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

We held in United States *v.* Guthman, Solomons & Co., *supra* (T. D. 32572), that the words "composed of gold or platinum" were confined in their modifying influences to the immediate antecedents, "mesh bags and purses"; and that the words, "articles commonly or commercially known as jewelry," in the last provision of paragraph 448 were unrestrained by any internal limiting language, but, in fact, were enlarged by the language following that phrase.

We further held in that case that before the cumulative provision in the fifth provision of paragraph 448 attaches to any merchandise for dutiable purposes such merchandise must first fall within the descriptive language of one of the precedent provisions of the paragraph.

We further held that, assuming that the fifth provision of the paragraph, perforce of its language, extended into other provisions of the tariff law and withdrew therefrom articles otherwise dutiable thereunder denominatively or otherwise, which fell within the precise language of one of the precedent provisions of paragraph 448, nevertheless, such influence can not be exercised with reference to goods falling within the last provision of paragraph 448, commercially or denominatively, for the reason that the fifth provision expressly withholds its influence from the last provision of the paragraph.

It therefore follows that there is here squarely presented the question, Is the first provision or the last provision of paragraph 448 controlling with reference to such merchandise equally falling therewithin?

It is stipulated in this case that this merchandise is both "commonly *and* commercially known as jewelry." The stipulation therefore brings the merchandise squarely within that part of the provision providing for articles "commonly known as jewelry."

On the other hand, the articles are brooches, and not "chains," or "pins," or "collar" or "cuff" or "dress buttons," or "charms," or "millinery" or "military ornaments." The only applicable language of the first provision of the paragraph is that "all other articles of every description * * * composed wholly or in chief value of

* * * brass * * * and designed to be worn on apparel or carried on or about or attached to the person." This language is descriptive. The language of the last provision of the paragraph is according to its commercial designation.

The familiar rule of construction, therefore, that the commercial designation of an article takes precedence of a descriptive one rules this case. In many aspects the relative controlling influence of the two provisions in this case is similar to the question raised and decided by this court in United States v. Vandegrift & Co. (3 Ct. Cust. Appls., 161; T. D. 32457).

The decision of the Board of General Appraisers is therefore *reversed.*