## COHN & ROSENBERGER v. UNITED STATES (No. 867).[1]

BROOCHES OF BRASS SET WITH STONES.

    The articles of the importation are all commonly and commercially known as jewelry. They might be classified under two different provisions of paragraph 448, tariff act of 1909, but they come more precisely under the clause that relates to "all articles commonly or commercially known as jewelry," and they are dutiable as such.—United States v. Goldberg's Sons et al. (3 Ct. Cust. Appls., 282; T. D. 32573); Guthman, Solomons & Co. v. United States (3 Ct. Cust. Appls., 286; T. D. 32572); United States v. Cohn & Rosenberger (3 Ct. Cust. Appls., 273; T. D. 32571).

### United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7330 (T. D. 32281).

[Reversed.]

*Hatch & Clute (Edward S. Hatch* and *Walter F. Welch* of counsel) for appellants.
*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported under the tariff act of 1909, and consists of certain brooches, lavalieres, and earrings.

The collector held them to be dutiable at cumulative rates equal to 85 per cent ad valorem, under the first provisions of paragraph 488 of the act, as earrings and brooches "composed in chief value of brass, plated, and set with imitation precious stones, \* \* \* designed to be worn on apparel or attached to the person, \* \* \* commonly known as jewelry and valued at over 20 cents per dozen pieces."

The importers protested against this assessment, claiming, among other things, that the articles were dutiable at 60 per cent ad valorem, under paragraph 448, as "articles commonly or commercially known as jewelry."

---

[1] Reported in T. D. 32575 (22 Treas. Dec., 960).

The protest was heard by the Board of General Appraisers, and was overruled. From this decision the importers now appeal to this court. The following is a copy of paragraph 448:

448. Chains, pins, collar, cuff, and dress buttons, charms, combs, millinery and military ornaments, together with all other articles of every description, finished or partly finished, if set with imitation precious stones composed of glass or paste (except imitation jet), or composed wholly or in chief value of silver, German silver, white metal, brass, or gun metal, whther or not enameled, washed, covered, plated, or alloyed with gold, silver or nickel, and designed to be worn on apparel or carried on or about or attached to the person, valued at twenty cents per dozen pieces, one cent each and in addition thereto three-fifths of one cent per dozen for each one cent the value exceeds twenty cents per dozen; all stampings and materials of metal (except iron or steel), or of metal set with glass or paste, finished or partly finished, suitable for use in the manufacture of any of the foregoing articles (except chain valued at less than thirty cents per yard other than nickel or nickel-plated chain), valued at seventy-two cents per gross, three cents per dozen pieces and in addition thereto one-half of one cent per gross for each one cent the value exceeds seventy-two cents per gross; rope, curb, cable, and other fancy patterns of chain, without bar, swivel, snap or ring, composed of rolled gold plate or of silver, German silver, white metal, or brass, not exceeding one-half of one inch in diameter, breadth or thickness, valued at thirty cents per yard, six cents per foot, and in addition thereto three-fifths of one cent per yard for each one cent the value exceeds thirty cents per yard; finished or unfinished bags, purses and other articles, or parts thereof, made in chief value of metal mesh composed of silver, German silver, or white metal, valued at two dollars per dozen pieces, ten cents per piece and in addition thereto three-fifths of one cent per dozen pieces for each one cent the value exceeds two dollars per dozen; all of the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act, twenty-five per centum ad valorem in addition to the specific rate or rates of duty herein provided; all articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

The brooch in question is set with a large imitation stone in the center, surrounded with genuine semiprecious stones known as marquisettes. The metal of the brooch is brass, washed or plated with gold. The lavaliere is made of brass, washed with gold, set with real and imitation stones, and having two ornaments thereon which are washed with silver. The earrings are of brass, washed with silver, and are set with imitation precious stones. The articles are all commonly and commercially known as jewelry.

The foregoing description of the articles in question shows that they aptly fall within two several provisions of paragraph 448, although the specific names, brooches, lavalieres, and earrings do not appear in either provision. In the first place, they fall within the early classification of the paragraph for—

all other articles of every description, * * * if set with imitation precious stones, * * * or composed wholly or in chief value of * * * brass, whether or not * * * washed with * * * gold, silver, or nickel, * * * designed to be worn on apparel or carried on or about or attached to the person, valued at twenty cents per dozen pieces.

In the second place, the articles also come within the last classification contained in the paragraph, namely, for——

all articles commonly or commercially known as jewelry, * * * whether set or not set with * * * precious or semiprecious stones, or imitations thereof.

It is suggested that the importations can not fall within the latter classification above named because they are not made of gold or platinum. This contention rests upon the construction that the qualifying phrase, "composed of gold or platinum," modifies not only "bags and purses," which it immediately follows, but also modifies "all articles commonly or commercially known as jewelry." However, that construction is not adopted by the court. The court holds that the phrase, "composed of gold or platinum," relates alone to its immediate antecedent, viz, "chain, mesh, and mesh bags and purses." The reasons for this conclusion are given at length in other decisions of the court in similar cases under the names of M. Goldberg's Sons, Guthman, Solomons & Co., and also that of the present appellants, which decisions are announced concurrently herewith.

The court therefore comes to consider which of the two competing provisions above set out should control the importations at bar. A comparison of the two provisions leads the court to the conclusion that the latter is the controlling one. It is the last provision in the paragraph, which tends to the belief that, other things being equal, it should have that greater weight which is given by rule to the last expression of the legislative purpose within the same subject matter. Furthermore, it is the more specific of the two provisions. "Articles commonly or commercially known as jewelry," as modified in the act, is a more narrow, apt, and particular classification of the articles than "all other articles of every description," as that classification is therein modified. Nor is this conclusion affected by the provision in the paragraph for an additional duty of 25 per cent ad valorem upon——

all the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act.

The provision for "all the foregoing" would hardly apply to an article more specifically named in the next succeeding provision of the same paragraph, for by such more specific subsequent mention the article would be withdrawn from all of the earlier provisions in the paragraph which would otherwise affect it. And the provision relating to "any other paragraph of this act" does not apply to a subsequent provision in the same paragraph.

The court therefore concludes that the articles now in question are properly dutiable under the last part of the paragraph at 60 per cent ad valorem as articles commonly and commercially known as jewelry. The decision of the board is therefore *reversed,* and reliquidation ordered in accordance with the foregoing conclusions.