UNITED STATES *v.* AMERICAN BEAD CO. (No. 907). AMERICAN BEAD Co. *v.* UNITED STATES (No. 909).[1]

1. IMITATION PRECIOUS STONES, HEART SHAPED, WITH METAL RING ATTACHED.

   Imitation precious stones in the form of hearts, having a hole in the upper extremity in which is inserted a diminutive brass screw ring, are parts of jewelry and are dutiable as such under the last part of paragraph 448, tariff act of 1909.—Cohn *v.* United States (3 Ct. Cust. Appls., 288; T. D. 32575).

2. IMITATION PRECIOUS STONES IN METAL SETTINGS.

   Small imitation diamonds, rubies, and other precious stones set in metal claws that hold the stones in position and that are used as the proof shows chiefly for dress trimming are dutiable as manufactures under paragraph 109 or 199, tariff act of 1909.

3. IMITATION PRECIOUS STONES WITH FOIL BACKS.

   Imitation precious stones with foil backs, either pierced or not pierced, are dutiable not as beads, but as imitation precious stones under paragraph 449, tariff act of 1909.

4. GLASS BEADS, BARS, AND ORNAMENTS, DRILLED.

   Glass beads, bars, and ornaments, drilled, and unfit for use in the manufacture of jewelry are dutiable as beads under paragraph 421, tariff act of 1909.

---

[1] Reported in T. D. 33166 (24 Treas. Dec., 170).

5. IMITATION PRECIOUS STONES, OVAL OR HEART-SHAPED CAMEOS, ETC.

Imitation precious stones, oval, heart-shaped, etc., having a small shoulder pierced through in the process of molding, imitation cameos with two holes pierced in the sides, and other articles not in the form of beads, all suitable for use in the manufacture of jewelry, are dutiable as "imitation precious stones" under paragraph 449, tariff act of 1909.

United States Court of Customs Appeals, February 1, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7348 (T. D. 32417).

[Modified.]

*William M. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

Cross appeals are made from the decision of the Board of General Appraisers dealing with protests against the assessment made upon a variety of articles which were classified, in the opinion of the board and the briefs of counsel, as follows:

Class 1, illustrated by importers' No. 5670, consists of imitation topaz and other precious stones in the form of hearts, having a hole in the upper extremity in which is inserted a diminutive brass screw ring. These articles were classified by the collector as jewelry under the last clause of paragraph 448 of the tariff act of 1909.

Class 2, illustrated by importers' Nos. 5560, 5563, and 5565, consists of small imitation diamonds, rubies, and other precious stones set in metal claws holding the imitation stones in position in the usual manner gems are set by jewelers. They are of less value than 72 cents per gross and were returned for duty at 45 per cent ad valorem under paragraph 109 or paragraph 199 of said act as manufactures of glass or as manufactures of metal.

Class 3, illustrated by importers' Nos. 789, 1207, 1208, 1209, 5080, 5505, 5507, 5520, 5526, 5704, 7595, 11668, 11673, 11678, 12854, and 13503, consists of imitation precious stones with foil backs not commercially known as beads, but as "jewels," "stones," "settings," or some other name indicative of their intended use in the manufacture of jewelry, and which the board found to be suitable for such use. The return for duty was made as beads at 35 per cent ad valorem under paragraph 421.

Class 4, illustrated by importers' Nos. 14, 17, 600, 2000, 5004, 5007, 5504, 5522, 5707, 7608, 7614, 8060, and 11427, consists of glass beads, bars, and ornaments, drilled, which the board declared to be of such inferior quality as to render them unfit for use in the manufacture of jewelry. These articles were also assessed as beads under paragraph 421.

Class 5, illustrated by importers' Nos. 5528, 5530, 5540, 5554, 5555, and 5557, consists of imitation precious stones, some oval and others in the form of hearts, the upper parts of which have a small shoulder pierced through in the process of molding, some imitation cameos with two holes pierced in the sides, and other articles not in the form of beads, some drilled and others without holes, all this class being suitable for use in the manufacture of jewelry and assessed for duty at 35 per cent ad valorem under paragraph 421.

The claims of the protest are that the importations are dutiable under paragraph 449 as precious or semiprecious stones at 10 per cent ad valorem or as imitation precious stones for use in the manufacture of jewelry at 20 per cent ad valorem, or under paragraph 480 as unenumerated manufactured articles.

The board sustained the protests as to classes 1, 3, and 5, classing them as imitation precious stones—with the exception of those which are imitations of jet—and overruled the protests as to classes 2 and 4.

The major portion of the opinion of the board consists of a discussion of the claims relating to the classification of the merchandise represented in class 1. The opinion states that the articles are intended for use in the manufacture of jewelry as pendants for necklaces, etc., and states:

Irrespective of the fact that these articles are not composed of gold or platinum, it is manifest that the collector's assessment of duty thereon at 60 per cent ad valorem was erroneous. They are valued at more than 72 cents per gross, and, as shown by the evidence, are intended for use in the manufacture of jewelry; hence if the imitation precious stones composed of paste here involved have been set in metal they are unquestionably dutiable at rates equivalent to 75 per cent ad valorem under paragraph 448 as materials suitable for use in the manufacture of articles of personal adornment, including jewelry. We, however, reach the conclusion and hold that the imitation stones have not been set in metal.

The opinion further proceeds:

Are the articles in their imported condition included within the provision for imitation precious stones? If the answer is in the affirmative, the protests must be sustained. On the contrary, if by the addition of the metal screw rings they have been advanced beyond the condition of precious stones and become manufactures of paste and metal, the collector's classification of the articles as jewelry, although erroneous, can not be disturbed.

The board then proceeds to review the cases upon the subject, and on the authority of United States *v.* Weinberg (139 Fed., 1006), which followed the case of Lorsch *v.* United States (119 Fed., 476), dealing with a provision for imitations of precious stones not set, under paragraph 454 of the act of 1890 and paragraph 338 of the act of 1894, held that the fact that such articles were set on screw rings did not carry them into the class of imitation stones set. The court in these cases had under consideration no such provision as is here involved

under the last clause of paragraph 448, which provides for jewelry and parts thereof. In the present case the board, although treating the article as further advanced than were those involved in the cases cited, held that they still had not lost their character as imitations of precious stones intended to be used in the construction of jewelry.

The last part of paragraph 448 reads as follows:

* * * All articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, including chain, mesh, and mesh bags and purses composed of gold or platinum, whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem.

It is inferable that the board in the present case was of the opinion that the limitation of certain articles named in this clause to those composed of gold or platinum applied to the whole of the provision quoted. If so, the board was in error, as we held in Cohn v. United States (3 Ct. Cust. Appls., 288; T. D. 32575), that the qualifying phrase "composed of gold or platinum" applies only to "bags and purses" which immediately precedes it, so that the clause here involved in its essential terms provides for "articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished, * * * whether set or not set with diamonds, pearls, cameos, coral, or other precious or semiprecious stones, or imitations thereof, sixty per centum ad valorem," and the question here in issue as to class 1 is as to whether this clause more accurately describes the importation in question than that part of paragraph 449 reading "imitation precious stones, including pearls and parts thereof, for use in the manufacture of jewelry."

This question should be solved by considering whether the articles have been advanced to a condition in which they may be appropriately said to be jewelry or parts of jewelry. See Guthman v. United States (3 Ct. Cust. Appls., 286; T. D. 32574).

The testimony in the case was offered by the importers, and as relating to class 1 is as follows:

Q. Now, item 5670, what are those used for?—A. Also for jewelry purposes; also used for pendants—little heart.

Q. Do they have this shank in when they come in?—A. I think we imported these made up.

Q. You didn't put this shank in after it was imported?—A. I don't think we did.

General Appraiser SHARRETTS. Are those articles used in that condition without any process of manufacture at all? Can you use them separately as an ornament?

The WITNESS. Well, you could do it, but it is very seldom used as an ornament.

Q. What is the ordinary use of those hearts?—A. Well, in the last few years we sold a good many of them for necklaces and pendants—mostly for pendants.

By Mr. BAKER. They form part of a necklace at intervals?

The WITNESS. Yes.

We think it impossible to escape the conclusion from this testimony that these articles are parts of jewelry and come directly within the last part of paragraph 448. Nothing whatever remains to be done to these articles except to append them to necklaces and, indeed, they may be sold or used as parts of different necklaces or chains.

The protest as to class 2 was overruled by the board and the importer appeals from the decision as it relates to the items represented. The testimony as to these items was that offered by the importers and is as follows:

Q. Now look at item 5560. What are those used for?—A. They are mostly used for dress trimming; also for stage jewelry.

\*          \*          \*          \*          \*          \*          \*

Q. Now, item 5560 is another of the set jewels; is that right?—A. Yes.

\*          \*          \*          \*          \*          \*          \*

Q. Now, item 5565; what are those goods?—A. Those are the same as 5516.
Q. Set jewels?—A. Set jewels.

\*          \*          \*          \*          \*          \*          \* .

Q. Item 5563; what is that?—A. Also set jewel.

An inspection of these items shows that they are not to be distinguished as to their characteristics or appearance, and the testimony of the witness showing that they are mostly used for dress trimming would seem to forbid their classification as imitation precious stones for use in the manufacture of jewelry. The inference from the testimony is that such use is not the chief use to which they are devoted, but that they are chiefly used for dress trimming.

The importers also appeal from the classification of certain of the items covered by class 4 as made by the board. No claim is made as to Nos. 2090, 5707, 7608, or 7614. As to items 14 and 17 it is said in the brief of counsel that if the court is unable to find from an nspection of the samples that they are for use in the manufacture of jewelry, it would seem that the decision of the board as to these two items should be affirmed. An inspection discloses that they are imitation pearl beads, and there is nothing to indicate that they are to be devoted to or are adapted to the manufacture of jewelry, and we therefore affirm the decision as to these items. As it is also frankly stated and as the testimony shows that as to items 600 and 8060 they are used for a hundred different purposes, it would follow that they are intended for other uses than the manufacture of jewelry. These items may therefore, upon this concession, be properly left out of consideration.

It is also conceded by the appellant that testimony as to No. 5522 is weak. An examination of the testimony discloses that these

articles are used for ladies' collars, and it does not indicate that they are used for collars which are in the nature of jewelry. We do not agree with counsel for the importer that an inspection of the samples indicates that such collars as could be made of these articles would be within the common understanding of the term "jewelry." The decision as to this item is therefore affirmed.

As to items 5707, 5004, and 5504, these are very plainly beads within any possible definition. They consist of glass in various colors and shapes pierced through the center, requiring nothing to be done to them except to be strung upon a thread, and as to 5707, a question to the witness was interrupted by an admission of counsel for the importer that the item was admitted to be a bead. It is true as to 5004 that the witness in answering the question, "Now, I call your attention to item 5004. Are those known as imitation precious stones?" answered, "Every one of them imitates precious stones."

Q. For what purposes are they used?—A. Used for jewelry purposes.

It will be noted that the witness does not state that they are used for the manufacture of jewelry. He must have intended to be understood that they are used for ornamental purposes and worn as jewelry. If this be not his understanding, we are not convinced that they are adapted for use to be set into jewelry. Certainly that can not be their exclusive use, for they are adapted for use as strings of beads.

This leaves the only item to be considered upon appellant's appeal, No. 11427, which consists of glass bars from one inch to one and one-half inches in length, pierced with holes and used for making so-called dog-collar necklaces. The testimony as to this item is not materially different from that relating to item 5522, which the importers admit to be weak, and an inspection of the item shows that it is difficult to distinguish between the two. We are not convinced that these articles are adapted to use in the manufacture of jewelry.

We discover no error in the classification of the items covered by classes 2 and 4, and the appeal of the importers as to these items is not sustained.

This leaves for consideration classes 3 and 5. Most of the items arranged within these two classes correspond to those described in T. D. 27420 and held to be imitation precious stones. Some of these are settings wholly of imitation stones, some plain and some cameo; others are foil back with two holes for settings; others are foil back without any holes. We think all of these fall within the reasoning of the board in the case cited, which appears not to have been questioned by the Treasury Department, and are also within the reasoning

of the board in Abstract 26470 (T. D. 31850) and Abstract 27296 (T.D. 32073). See also Abstract 26470 (T. D. 31851), G. A. 5820 (T. D. 25713), and United States *v.* Goldberg (T. D. 25919).

The only items which have given us any doubt are some small pendants, the material of which is pierced and capable of being strung on thread or wire. These appear in various forms. And also some pear-shaped articles pierced lengthwise. Some of these articles might be used as beads, but the evidence shows that they were intended for use in the manufacture of jewelry. They are similar to the items considered in class 1, except that they have no attachment which admits of their being clasped to a necklace in their present form. They would appear to require some further process of manufacture. Giving the importer the benefit of any doubt there may be as to this classification, we affirm the decision of the board as to all items covered by classes 3 and 5.

The decision of the board will be *modified* in accordance with the terms of this opinion.