### KRAEMER & Co. *v.* UNITED STATES (No. 1411).[1]

NECKLACES—JEWELRY.

Jewelry requires work in metal and a metal neck chain with a clasp constitutes jewelry or parts of jewelry. United States *v.* Goldberg (3 Ct. Cust. Appls., 282; T. D. 32573). Metal appears here in the clasps designed to constitute the article a necklace when completed. They are sold to jewelers and are apparently as susceptible of use on necklaces of metal as of beads.

United States Court of Customs Appeals, December 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 35398 (T. D. 34398).
   [Affirmed.]

*Allan R. Brown* for appellants.
*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
This is an appeal from a decision of the Board of General Appraisers sustaining a classification as parts of jewelry under paragraph 448 of

---

the tariff act of 1909 of articles described as plain brass snaps with ring or ball at the ends to which to attach a cord; necklace clasps in the form of a bead and evidently intended for bead necklaces; and jet colored clasps.

The articles are claimed to be dutiable as articles or wares composed wholly or in part of metal at 45 per cent ad valorem under paragraph 199.

The board predicated its decision upon Cohn *v.* United States (4 Ct. Cust. Appls., 378; T. D. 33536). As pointed out in the brief of the appellant, the determination in that case was made upon a concession of counsel that the articles in question were properly classificable as jewelry.

The case in this court nearest in point is that of United States *v.* Goldberg (3 Ct. Cust. Appls., 282; T. D. 32573), to which reference will be made later. There are cases cited in which it has been held that beads adapted for use as strings of beads are not articles of jewelry. See American Bead Co. *v.* United States (3 Ct. Cust. Appls., 509; T. D. 33166).

In the case of United States *v.* Goldberg, *supra*, it was held that a metal neck chain is jewelry, and that a clasp therefor is a part thereof, and that within common knowledge and judicial cognizance these articles are jewelry or parts of jewelry. That case rules the present case unless we distinguish between metal necklaces and bead necklaces.

The fact that strings of beads are not dutiable as jewelry does not mark a distinction between manufactured bead necklaces and metal necklaces. A distinction was noted in United States *v.* Hawaii and South Seas Co. (T. D. 26778) between strings of shells and manufactured necklaces, and we think such a distinction is sound. Jewelry was originally the work of a jeweler. It required work in metal, and yet the product of the jeweler's art was not necessarily wholly of metal. Cheaper jewelry has come to be manufactured almost entirely by machinery, but the necessity of the presence of some form of wrought metal to constitute it jewelry still exists, and such wrought metal appears in the present case. It consists of the clasps which are designed to constitute the article when completed a necklace. The fact that the articles are cheap does not prevent their classification as jewelry. The testimony in the present case shows that these articles, of a little more expensive class, are sold to jewelers, and they are apparently as susceptible of use on necklaces of metal as of beads.

It is claimed that certain of the clasps, jet colored, are dutiable as jet. Unfortunately the sample has in some way disappeared, and the evidence fails to distinguish between these articles and the other exhibits in the case.

Decision *affirmed.*