## UNITED STATES *v.* EUROPEAN WATCH & CLOCK CO. (No. 2152).[1]

1. WRIST WATCHES ARE NOT JEWELRY.

    Wrist watches are not jewelry under paragraph 356, tariff act of 1913, but remain watch movements and watch cases under paragraph 161.

2. RELATIVE SPECIFICITY—n. s. p. f. CLAUSE.

    The presence of the n. s. p. f. clause in one provision and its absence from another affects classification only when the merchandise is equally within both.—Drakenfeld & Co. *v.* United States (9 Ct. Cust. Appls. 124; T. D. 37979).

3. JEWELRY—UTILITARIAN ARTICLES.

    In the common understanding, an article, to be regarded as jewelry, must be one that is ornamental and used in part at least for adornment. It may also serve an incidental utilitarian purpose. If, however, its primary, or dominant, or chief purpose is utilitarian, it would not be commonly called jewelry.

4. ENTIRETIES—WRIST WATCHES AND THEIR BRACELETS.

    Wrist watches and their bracelets or wristlets are separable for tariff purposes.

5. EVIDENCE—JUDICIAL NOTICE.

    It needs no discussion to demonstrate that ordinarily the primary purpose of carrying a watch is highly utilitarian; and common knowledge and observation demonstrate that, as to wrist watches, such purpose is generally dominant.

6. WRIST-WATCH BRACELETS OR WRISTLETS.

    Wrist-watch bracelets or wristlets are not articles designed to be worn on apparel or carried on or about or attached to the person, under paragraph 356, tariff act of 1913. Nor are they and the watches together to be so classified as entireties. Their classification by the Board of United States General Appraisers as articles or wares composed wholly or in part of platinum or gold under paragraph 167, is affirmed.

### United States Court of Customs Appeals, June 6, 1922.

APPEAL from Board of United States General Appraisers, G. A. 8489 (T. D. 38943).

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *John A. Kemp,* special attorneys, of counsel), for the United States.

*Curie, Lane & Maxwell* for appellee.

[Oral argument April 26, 1922, by Mr. Lawrence and Mr. Lane.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case consists of what are commonly known as wrist watches. It also includes a fob watch and an ordinary pocket watch. The wrist watches are referred to by the Govern-

---

[1] T. D. 39160.

ment as watch bracelets, or bracelet watches, and were so designated by some witnesses    For convenience they have been arranged in eight classes, represented by letters of the alphabet.    We insert here these classes as they are set forth in the Government's brief.    Substantially the same description of the merchandise is contained in the brief of the importer.

A. Watch movement in platinum case set with jewels on moire ribbon, with platinum, gold, and precious-stone snap.

B. Watch movement in platinum case set with jewels on pearl tissue bracelet with platinum, gold, and precious-stone snap.

C. Watch movement in platinum case on moire ribbon with gold and platinum snap.

D. Gold case containing watch movement on leather strap with gold snap.

E. Watch movement in platinum case on platinum tissue bracelet, gold and platinum snap.

F. Watch movement in platinum case set with jewels on platinum and diamond bracelet with platinum snap.

G. Watch movement in gold case (pocket watch).

H. Watch movement in platinum case set with jewels on moire ribbon fob with platinum and precious-stone ornaments.

All the merchandise, except the watch movements, was assessed for duty as jewelry at 60 per cent ad valorem under paragraph 356 of the act of 1913.    The movements were assessed at 30 per cent ad valorem under paragraph 161.

The importer protested the assessment, claiming, among other things, that the watchcases were separable for duty purposes, and should have been classified under paragraph 161 as being denominatively therein provided for, and that the wristlets, that is, the devices by which the watches were held upon the wrist, called bracelets by the Government, were classifiable as articles or wares composed wholly or in part of platinum or gold under paragraph 167.

The Board of General Appraisers sustained these claims of the importer, except as to the fob, which was on the fob watch specified in class "H," above referred to, respecting which the protest was overruled.

The Government only appealed and upon the argument here contends—

1. That the articles represented by the respective classes are entireties and all dutiable as jewelry under paragraph 356 at 60 per cent ad valorem.

2. That the enumeration in paragraph 356 of "articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person," should be held to require the classification thereunder of all the merchandise; if not so, that the watch cases and wristlets should be classified thereunder, or, if this be denied, that the wristlets must fall within that classification.

The material parts of the respective paragraphs necessary of consideration are as follows:

161. Watch movements, whether imported in cases or not, watchcases and parts of watches, chronometers, box or ship, and parts thereof, lever clock movements having jewels in the escapement, and clocks containing such movements, all other clocks and parts thereof, not otherwise provided for in this section, whether separately packed or otherwise, not composed wholly or in chief value of china, porcelain, parian, bisque, or earthenware, 30 per centum ad valorem;  *  *  *

167. Articles or wares not specially provided for in this section, if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem;  *  *  *

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem;  *  *  *  and articles valued above 30 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, matchboxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled-gold plate, and whether or not set with precious or semiprecious stones or imitation cameos, coral, or amber, or with imitation precious stones or imitation pearls, 60 per centum ad valorem.  *  *  *

As to item "G," which is an ordinary pocket watch, the Government makes no contention.  The protest, so far as relates to the fob in item "H," having been overruled, no further specific reference thereto is deemed necessary.

It may be conceded that the evidence establishes the watch movements, watchcases, bracelets, or wristlets of the importations of the remaining classes above described constitute entireties commonly known as wrist watches.  They are so sold and so used, and, as we understand, the value of the movement and its case in every instance exceeds the value of the device which holds it upon the wrist.

The board found, and the finding is not challenged, that the watchcases are not permanently attached to the wristlets or bracelets, except that in some instances it is necessary to remove pins or screws to separate them.  It also found that the wristlets or bracelets "are not worn on the person as incidental articles of mere personal comfort, convenience, or adornment, but as a necessary and useful attachment to the watch itself."

The scheduled list of the merchandise indicates that these wrist watches are costly and beautiful.

We find ourselves unable to agree with the contention of the Government that these wrist watches are classifiable as jewelry under paragraph 356.  There is no evidence that they are commercially so known, and we do not think in common understanding they are so regarded.  Expensive and bejeweled watches carried in the pocket have, of common knowledge, for a long time been subjects of trade, and as we understand, the movements and cases thereof

have been classified for tariff purposes under paragraph 161 or earlier statutes of similar import. The fact, if it be so, that such watches are more common now than before the advent of wrist watches, does .not of itself justify any change in their tariff classification. If Congress had intended that an expensive movement or a bejeweled case should pay a rate of duty different from those not of that character, it would undoubtedly have so declared.

As we view the matter, paragraph 161 is an insuperable barrier to the classification of the watch movements and watchcases as jewelry under paragraph 356, because they are eo nomine provided for in paragraph 161 with no limitation except what is in substance known as the n. s. p. f. provision, which is not found in paragraph 356. That this does not have the effect of removing the watch movements and watchcases from classification under paragraph 161 is definitely settled by the rule of Drakenfeld & Co. v. United States (9 Ct. Cust. Appls. 124; T. D. 37979), to which, and the cases therein cited, reference is made.

Further than this, and not taking into consideration the material of which composed, which of itself may determine the question, we are of opinion that in the common understanding an article to be regarded as jewelry must be one that is ornamental and used in part at least for adornment. It may also serve an incidental utilitarian purpose. If, however, its primary, or dominant, or chief use is utilitarian, we do not think it would be commonly called jewelry. The question of what shall be regarded as jewelry has frequently been before this court, and we refer to several of the cases not because the precise question here was there decided but because the inferences to be drawn therefrom we think clearly support the views here expressed:

Lent v. United States (1 Ct. Cust. Appls. 542; T. D. 31549); United States v. Goldberg's Sons (3 Ct. Cust. Appls. 282; T. D. 32573); Guthman, Solomons & Co. v. United States (3 Ct. Cust. Appls. 286; T. D. 32574); United States v. American Bead Co. (3 Ct. Cust. Appls. 509; T. D. 33166); United States v. Flory & Co. (4 Ct. Cust. Appls. 87; T. D. 33367); Altman & Co. v. United States (5 Ct. Cust. Appls. 296; T. D. 34475); United States v. International Forwarding Co. (6 Ct. Cust. Appls. 25; T. D. 35272); American Bead Co. v. United States (7 Ct. Cust. Appls. 18; T. D. 36259); American Bead Co. v. United States (7 Ct. Cust. Appls. 161; T. D. 36465); Bloomingdale Bros. v. United States (8 Ct. Cust. Appls. 314; T. D. 37596).

It needs no discussion to demonstrate that ordinarily the primary purpose of carrying a watch is highly utilitarian, and common knowledge and observation demonstrate that as to wrist watches such purpose is generally dominant. If the utilitarian character of a watch may be so submerged, so to speak, or overcome by the

greater value and concededly adornment character and use of the device by which it is attached to the person as to lose its utilitarian character, which we do not decide, we think the facts of this case do not justify such a conclusion.

The Government further contends that because these wrist watches are designed to be worn on apparel or carried on or about or attached to the person they should, nevertheless, even though they are not jewelry, be classified under paragraph 356. We disagree with this view—

(*a*) Because of the exclusive provisions relating to watch movements and watchcases of paragraph 161, already considered.

(*b*) Because the articles mentioned in paragraph 356 as illustrative of what Congress had in mind, such as buckles, card cases, etc., hardly suggest that wrist watches were designed to be included in that provision.

(*c*) Because watch movements and watchcases have by judicial determination, as well as departmental direction, attained a settled definite status as separate entities for tariff purposes prior to the act of 1913, under statutes in pari materia.—T. D. 17945 (G. A. 3820); T. D. 19284 (G. A. 4135); T. D. 20806 (G. A. 4378); T. D. 23792 (G. A. 5160); T. D. 26285 (G. A. 6015); Racine *v.* United States (107 Fed. 111), affirming T. D. 20104 (G. A. 4280); T. D. 30096.

Of all this Congress is presumed to have been cognizant, and if it had intended that watch movements and watchcases should be classified under paragraph 356 of the act of 1913 it would certainly have used some language more specific to indicate such purpose than is contained in that paragraph.

As already more fully hereinbefore appears, the board found that none of the wristlets or bracelets were worn for incidental purposes of adornment, but as a necessary and useful attachment to watches. It also found as to those composed of precious metal that they "can not be worn without the watch as a matter of adornment as a bracelet."

After some discussion and while regarding it as a close question, it concluded that all such wristlets were not dutiable as jewelry, but as manufactures of metal under paragraph 167. We think this conclusion was sound.

In view of what has already been said as to the watchcases, no further discussion is necessary of the claim of the Government that the cases and wristlets should be regarded as entireties and classified as jewelry.

We have heretofore had occasion to discuss issues similar to some raised by this appeal.

In United States *v.* Wittnauer (8 Ct. Cust. Appls. 370; T. D. 37628) we considered the proper classification of so-called wristlets or

straps for holding wrist watches, composed in chief value of metal, the other materials being leather and silk. They were conceded to be valued at over 20 cents per dozen pieces and claimed to be within paragraph 356 as designed to be worn on or about the person, subserving some purpose of personal comfort, convenience, or adornment, within the meaning of that paragraph. The claim was rejected, and the articles held to be separate entities dutiable as manufactures in chief value of metal.

In United States *v.* Strasburger & Co. (9 Ct. Cust Appls. 138; T. D. 37982) the classification of gold or silver wrist watches and leather straps with silver or gold buckles intended for use therewith, but packed separately therefrom, and leather straps for wrist watches with silver buckles, imported without accompanying watches, was in issue.

The watch movements had been assessed under paragraph 161 and the watchcases with leather straps as jewelry entireties under paragraph 356. The leather straps for the watches with gold or silver buckles had been classified as articles in chief value of metal designed to be worn on or about the person under paragraph 356, and the appeal was limited to the classification of the watchcases and the straps, there being no claim on the part of the Government that the watch movements had not been properly classified. The court, by Judge De Vries, said, "The logic of the concession that the watch movements are dutiable under paragraph 161 likewise classifies the watchcases thereunder."

The straps with the gold or silver buckles were held to be within the rule of the Strasburger Co. case in 8 Court of Customs Appeals, already referred to.

The real difference between the watches here and the straps, wristlets, or bracelets, whatever they may be termed, that hold them upon the wrist, all constituting a wrist watch, and those in the cases above referred to, consists in the fact that here they are much more valuable and ornamental than were the articles in those cases.

There is no reason, however, to believe that such a difference was intended by Congress to require a different classification.

No case cited by the Government, when carefully examined, seems to be authority for a different conclusion.

The judgment of the Board of General Appraisers is *affirmed.*