UNITED STATES *v.* ROHNER, GEHRIG & Co., INC. (No. 3507) [1]

---

[1] T. D. 45704.

United States Court of Customs and Patent Appeals, May 23, 1932

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument April 11, 1932, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported certain glass articles, which were classified by the collector at the port of New York under the following provision of paragraph 218 of the Tariff Act of 1922:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, * * * or decorated or ornamented in any manner, * * * 55 per centum ad valorem; * * * .

The importer protested, claiming the goods to be dutiable as "imitation precious stones, cut or faceted," or "imitation semiprecious stones, faceted," under paragraph 1429 of said act. Other claims were made in the protest, but sole reliance was placed upon the quoted provision of said paragraph 1429 in the court below and here. The issue, therefore, is whether said goods are properly classifiable under said provision of said paragraph 218, or under said paragraph 1429.

The court below, after hearing the testimony of the witnesses, sustained the protest and held the goods to be imitation precious stones, faceted. The Government has appealed.

Several contentions are made by the Government here: First, that, as a matter of law, the provisions of said paragraph 1429 for imitation precious and semiprecious stones, were intended to and do, in fact, apply only to such imitation stones as are suitable for use in jewelry and for kindred purposes; second, that no articles made of glass should be considered as imitation precious or semiprecious stones unless such glass contains lead; and third, that, under the evidence in the case, the imported articles are not imitation precious or semiprecious stones.

In *Solomon & Son* v. *United States*, 13 Ct. Cust. Appls. 353, T. D. 41256, we called attention to the fact that paragraph 449 of the Tariff Act of August 5, 1909, and paragraph 357 of the Tariff Act of October 3, 1913, the predecessor paragraphs of said paragraph 1429, contained provisions that imitation precious stones were such as were "for use in the manufacture of jewelry," while said paragraph 1429 was not so limited. We, therefore, concluded that the Congress—

did not intend to limit the provision for imitation precious stones to such only as were for use in the manufacture of jewelry.

The Government has herein called our attention to certain briefs filed by persons appearing before the committees of the Congress while H. R. 7456, afterwards the Tariff Act of 1922, was being considered, which, it is claimed, lead to a different conclusion. We see nothing in these proceedings which constrains us to alter the view expressed in the *Solomon* case, *supra*.

In *United States* v. *Judae & Co.*, 13 Ct. Cust. Appls. 164, T. D. 41024, certain glass beads were involved, which were claimed to be imitation precious or semiprecious stones under said paragraph 1429. The record contained the testimony of experts and dealers in imitation precious and semiprecious stones to the effect that the material used in making such stones is a composite glass, containing lead. Based upon this record, this court held that the importer had not sustained the burden of proving his case.

We discussed the *Judae* case in *Winter Bros.* v. *United States*, 19 C. C. P. A. (Customs) 113, T. D. 45245, and therein called attention to the fact that the *Judae* case was decided upon the facts therein, and that it was not intended to establish the rule that imitation precious or semiprecious stones, made of glass or paste, must necessarily contain lead. The record in the case at bar contains no such testimony and, hence, whether the imported articles are or are not imitation precious stones depends upon the other elements of proof in the case.

The official samples are of glass, circular in form, one emerald green in color, and one ruby red, each about 1 inch in diameter and approximately one-fourth inch in height at the apex. They are convex upon the upper surface and concave on the under side, both surfaces being covered with a number of triangular plane surfaces, arranged like facets. The under side is covered with bright-surfaced foil. Around the perimeter is a narrow flattened band to be used in mounting the articles. The red articles contain no lead, while the green ones contain 0.23 per centum thereof. The articles are made upon a hydraulic press by the use of a die and a steel hub.

The testimony as to the use of these articles is somewhat conflicting. The importer's testimony tends to show that they are used for "settings, ornaments, and in buttons." On the other hand, the

witness Burlich, for the Government, testified that he had made and sold large quantities of them for use as reflectors on automobile license tags, bicycles, and as arm signals.

The importer called three witnesses as to the character of the imported articles, while the Government offered four on that subject. From this testimony it fairly appears that the imported articles are made in imitation of rubies and emeralds, faceted; that in color, brilliancy, size, and luster they do so imitate the same. The only serious conflict is the issue raised by the Government's witnesses, who contend that these are not imitation precious stones because they are not faceted in the same manner as emeralds and rubies, and because no emerald or ruby is, or can be, cut with a concave under surface.

Some contention is made by the Government that the molded or pressed faces on these articles are not facets—that such facets must be cut. In this connection *United States* v. *Moscini*, 19 C. C. P. A. (Customs) 144, T. D. 45261, is cited. There seems to be nothing in that case which supports the theory that the faces on these articles are not facets; in fact, they come squarely within the definition therein cited. While it might be held that facets upon precious or semiprecious stones should be made by cutting, and as to this we express no opinion, certainly there appears to be no reason why an imitation precious or semiprecious stone may not also have an imitation facet, by whatever process made.

We are not prepared to concur with the contention of the Government that an article is not an imitation of a precious stone unless it is an exact duplicate of such stone in faceting and shape. Nor do the facts that foil is used, and that the under surface is concave, in themselves, prevent the article from being an imitation. It is conceded that collective illustrative Exhibit A shows an imitation diamond, faceted, with a foil back and an imitation moonstone with a concave foil back. The Government witness, Burlich, testified that imitation precious stones were sometimes made with foil backs to increase their brilliancy, and that he made them in this way, "when I get the price for them."

Stones with foil backs have been held to be imitation precious stones in *United States* v. *American Bead Co.*, 3 Ct. Cust. Appls. 509, 514, T. D. 33166, and in T. D. 27420, 11 Treas. Dec. 825.

The testimony in this case is conflicting and we can not say, from a consideration of the whole of it, that the judgment of the United States Customs Court is against the weight of the evidence. In such case the judgment should be affirmed. *United States* v. *Massce & Co.*, 18 C. C. P. A. (Customs) 37, T. D. 44005; *Winter Bros.* v. *United States, supra.*

In what we have here said it will be borne in mind that the contest here is between the provisions of paragraph 1429 for imitation precious stones, and decorated articles of glass under paragraph 218. The issue has not been raised, either in the court below, or here, as it was in *Solomon & Son* v. *United States, supra,* that the articles might be properly classifiable under said paragraph 218 as illuminating articles.

The judgment of the United States Customs Court is *affirmed.*