## LITTAUER v. UNITED STATES (No. 676).[1]

BEADS, STRUNG ON COTTON THREADS AT FIXED AND EQUAL DISTANCES.

The phraseology of paragraph 421, tariff act of 1909, relative to beads and spangles, discloses a substantial change from the language in the former law relating to the same subject matter, and it appearing the importation is of beads on strands of a permanent kind designed for use as embroidery just as imported, they will be deemed dutiable conformably to the requirements of that paragraph.

### United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7215 (T. D. 31541).

[Affirmed.]

Comstock & Washburn (Albert H. Washburn and Geo. J. Puckhafer of counsel) for appellants.

Wm. L. Wemple, Assistant Attorney General (Charles Duane Baker on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of small black beads strung upon cotton threads.

The collector assessed them as articles composed in chief value of beads under the provisions of paragraph 421 of the tariff act of 1909, and assessed duty upon them at 60 per cent ad valorem.

---

The importer filed his protest to this ruling and contended that the goods were dutiable at 45 per cent ad valorem as manufactures in chief value of glass or paste under paragraph 109 of that act.

The Board of General Appraisers heard this protest upon evidence and overruled the same. The importer now seeks a reversal of the board's decision.

The following is a copy of paragraph 421 of the act of 1909 under which the merchandise was assessed for duty:

421. Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, thirty-five per centum ad valorem; fabrics, nets or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings, curtains, fringes, and other articles not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, but not in part of wool, sixty per centum ad valorem: *Provided*, That no article composed wholly or in chief value of beads or spangles made of glass, paste, gelatin, metal, or other material shall pay duty at a less rate than is imposed in any paragraph of this section upon such articles without such beads or spangles.

As has already been stated, the articles in question consist of small black beads strung upon cotton threads. The beads are manufactured of glass and are hexagonal in form. The strands into which they are strung are strong and permanent in character. One thread in each strand passes over and through the beads and is knotted in such a manner as to hold them in place upon the string and maintain permanent and equal spaces between the several beads. Each string thus constructed is about 144 yards long and is fit as imported to be applied as a trimming or fringe to women's wearing apparel, and this is the use which is in fact made of the importations. It is conceded that the beads of each strand are more valuable than the threads upon which they are strung.

Upon these facts it is of course apparent that the beads in question can not be classified as beads "not threaded or strung;" nor can they be held to be beads "strung loosely on thread for facility in transportation only." Those classes are made dutiable by the first part of the paragraph at 35 per cent ad valorem.

The paragraph, however, further provides for "fabrics, * * * trimmings, * * * and other articles not specially provided for in this section, composed wholly or in chief value of beads." * * * This class of articles is made dutiable at 60 per cent ad valorem. The goods in question seem to fall directly within this classification; they are articles of permanent construction, composed in chief value of beads, fit and designed for use in their present condition as trimmings of the kind covered by the paragraph, and are aptly described by the terms therein contained. Therefore both by the direct language and by the constructive meaning of the paragraph it includes such articles as those in question in this case.

It appears that under the corresponding provisions of the tariff act of 1897 some confusion arose concerning the proper classification

of articles similar to these. That act contained no specific provision for beads "strung loosely on thread for facility in transportation only." In certain early decisions under the act the Board of General Appraisers held that beads thus loosely and temporarily strung should therefore be classified as manufactures not specifically provided for in the act and dutiable according to the component material of chief value thereof. This construction resulted from the fact that such bead articles could not be classified as "beads not threaded or strung," for they were in fact threaded and strung, however loosely and temporarily. Nor could such articles be classified as "fabrics,  *  *  * trimmings, etc., composed wholly or in chief value of beads," because the temporary character of the string and the fact that they were not intended for use as thus loosely strung prevented such a designation. Therefore the construction above stated was adopted, and such beads thus temporarily strung were held to be articles not included within the bead paragraph, but dutiable as manufactures not specifically provided for according to the component material of chief value thereof. If the beads were composed of metal, glass, or paste, this rate was 45 per cent ad valorem; if they were composed of wax, the rate was 25 per cent. However, in 1902 the Board of General Appraisers reported a decision, as G. A. 5210 (T. D. 24013), in which certain strings of beads constructed like those at bar were placed within the same classification as the loose and temporary strings above described. This decision was afterwards repeatedly followed by the board in similar cases. These decisions contained no new or different construction of the statute from that above outlined, but they simply held as a matter of fact that strings of beads constructed like those herein involved were substantially similar to the loosely constructed strings above described and subject to the same classification.

The appellant in this case relies upon these rulings, and upon the executive practice which followed them, as authority for his present contention. In that behalf he contends that—

Upon a revision of statutes a different interpretation is not to be given to them without some substantial change of phraseology other than what may have been necessary to abbreviate the form of the law.

However, the answer which suggests itself to this argument is this: That the present bead paragraph does in fact present such a "substantial change of phraseology" from the former act, and the change covers the very matter in controversy. This appears in the first clause of paragraph 421 of the later act in the form of the specific provision above set out for beads "strung loosely on thread for facility in transportation only." By virtue of this provision the former classification of such articles according to component material of chief value is abrogated and they are made dutiable at the same rate as beads wholly unstrung. Consequently if the articles at bar are continued in the same classification with such loose strings of

beads they will not be dutiable according to the component material of chief value thereof, but at the rate specifically provided by the paragraph for such loose strings, which, as above stated, is the same rate as that imposed upon beads wholly unstrung. The articles in this case certainly can not share in this new specific provision, because the provision is expressly and even emphatically limited to beads loosely strung on thread for facility in transportation only. This language unmistakably implies that the provision shall contain only such strings as are so loosely strung as not to be fit for use as strands but which are to be separated and resolved into beads again for use. This therefore excludes from the provision all such articles as those herein involved; for these articles are not loosely strung on thread for facility in transportation only, and are not to be divided or separated for use after importation, but are articles of permanent construction designed to be finally used in the form in which they are imported. They must therefore fall within the second classification contained in the paragraph and are dutiable at 60 per cent ad valorem as assessed by the collector.

The decision of the Board of General Appraisers is therefore *affirmed*.