UNITED STATES *v.* BATTILORO ET AL. (No. 1951).[1]

1. CONSTRUCTION, PARAGRAPH 357, TARIFF ACT OF 1913—"CUT."

The reduction of a precious stone to the desired form and condition for use in the manufacture of jewelry (and it is obvious that this would vary according to the particular use for which the given stone was desired) must be regarded as cutting within the meaning of paragraph 357, tariff act of 1913. Coral beads are "cut."

2. CONSTRUCTION, PARAGRAPHS 333 AND 357, TARIFF ACT OF 1913—BEADS AND ARTICLES MADE OF BEADS—JEWELRY AND JEWELRY MATERIAL.

It has been the constant and continuing purpose of Congress in paragraph 333, tariff act of 1913, and its ancestor paragraphs in other tariff acts to regard beads and spangles and articles composed thereof as a separate and distinct subject of tariff classification and duty, but this paragraph should not be regarded as invading the field of the subject matter of paragraph 357 (jewelry and jewelry material) unless manifestly so intended.

3. CORAL BEADS.

Coral beads, graduated and temporarily strung loosely on strings for facility in transportation, suitable for use in the manufacture of jewelry, are classifiable not as beads or articles in chief value of beads under paragraph 333, tariff act of 1913, but as "coral * * * cut but not set, and suitable for use in the manufacture of jewelry" under paragraph 357.

## United States Court of Customs Appeals, April 18, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42730.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* on the brief) for appellees.

[Oral argument Apr. 8, 1919, by Mr. Hanson and Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is coral beads, graduated, on strings, in substantially necklace lengths, but concededly temporarily strung loosely for purposes of facility in transportation. The collector assessed a tax thereon at the rate of 50 per cent ad valorem under the last part of paragraph 333 of the tariff act of 1913.

The paragraph reads:

333. Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains, and other articles not embroidered nor appliquéd and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.

The importers protested, among other things claiming the proper rate of assessment was 20 per cent ad valorem under paragraph 357 or at 35 per cent under the first part of paragraph 333. Paragraph 357 is as follows:

357. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, and bort; any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; imitation precious stones, including pearls and parts thereof, for use in the manufacture of jewelry, doublets, artificial, or so-called synthetic or reconstructed pearls and parts thereof, rubies, or other precious stones, 20 per centum ad valorem.

The Board of General Appraisers held the beads were classifiable as coral, cut but not set, under this paragraph. The Government appealed.

The appellant on the argument here concedes that under the decision of this court in Lorsch v. United States (8 Ct. Cust. Appls., 246; T. D. 37521), these beads, strung in the manner above described, are not dutiable as articles composed wholly or in chief value of beads and therefore that the classification and assessment of the collector can not be sustained. It contends, however, that they are dutiable under the first part of paragraph 333 as within the provision for "beads * * * of all kinds * * * strung loosely on thread for facility in transportation only."

The substance of the importers' contention is that the provision in paragraph 357 for "coral * * * cut but not set, and suitable for use in the manufacture of jewelry" more closely describes the merchandise than that part of paragraph 333 relied upon by the Government. The record establishes and, indeed, there is no controversy, that these beads are suitable for use in the manufacture of jewelry.

The Government makes some question as to whether these beads are cut or not, but our understanding is that within the common meaning of the term they are so. There is no evidence upon this question other than that afforded by the samples. Apparently they are finished beads. They have been processed so that the surface is smooth and polished, and are drilled or bored. This condition can only have resulted from the application of tools or machinery to

reduce the crude coral to the shape and condition in which these beads are imported. It is unnecessary to enter into any lengthy discussion of what is meant by the cutting of precious stones, but sufficient to say that the reduction thereof to the desired form and condition for use in the manufacture of jewelry (and it is obvious this would vary according to the particular use for which the given stone was desired) must be regarded as such cutting. We think, therefore, the coral of which these beads are made has been cut within the meaning of paragraph 357. (See "Lapidary" and "Gem cutting," Encyclopedia Britannica.)

The expression "rough or uncut" in the first line of the paragraph is confirmatory of this view.

The Government relies largely upon the rule of our decisions in Cohn & Rosenberger v. United States (5 Ct. Cust. Appls., 339; T. D. 34533) and Lorsch & Co. v. United States (Ib., 93; T. D. 34132), fortified by the term "of all kinds," which modifies the word "beads" in paragraph 333.

Each of the cited cases involved imitation pearl beads, which are specifically mentioned in paragraph 333, and it was held, after a discussion not necessary to repeat here, that they were classifiable thereunder.

The Supreme Court, in United States v. Morrison (179 U. S., 456), considered a paragraph of the tariff act of 1890 providing for manufactures of glass, in competition with another relating to precious stones of all kinds, cut but not set, and imitations thereof, not set, made of glass. The merchandise was a variety of glass beads in imitation of pearls and other precious stones, strung. The only provision in that tariff act relating to glass beads was (445) for "glass beads, loose, unthreaded or unstrung," under which concededly the strung beads could not be classified. After an exhaustive examination of the relevant provisions of prior tariff acts, the court reached the conclusion that, assuming the merchandise was known in the trade as imitations of precious stones, they should nevertheless be classified as manufactures of glass, because it found a preexisting, constant purpose throughout previous legislation on the part of Congress to regard beads of the kind before it as a subject of tariff classification distinct and separate from imitations of precious stones.

In Loewenthal & Co. v. United States (6 Ct. Cust. Appls., 209; T. D. 35464) and American Bead Co. v. United States (7 Ct. Cust. Appls., 18; T. D. 36259), upon the authority of the Morrison case, supra, and from an examination of statutes, decisions, and administrative practice since, this court has concluded the constant continuing purpose of Congress has been to regard beads and spangles and articles composed thereof as a separate and distinct subject of tariff classification and duty, but not to be regarded as invading

the field of the subject matter of paragraph 357 unless manifestly so intended, as may be illustrated by the provision for "imitation pearl beads" now in paragraph 333.

The beads here are not of glass or paste or gelatin or metal but of coral, eo nomine referred to in paragraph 357, are cut and not set, and are suitable for use in the manufacture of jewelry. They are therefore exactly within the provisions of that paragraph. We think in view of the constant purpose of Congress above pointed out it was not intended by the provision for beads of all kinds in paragraph 333 to wrench from paragraph 357 coral beads such as those under consideration here. If it were so, beads made of diamonds, rubies, and any and all other precious or semiprecious stones, suitable for use in the manufacture of jewelry, might likewise fall under paragraph 333, a classification which we think Congress designed to prevent rather than to permit.

The judgment of the Board of General Appraisers is *affirmed*.