UNITED STATES *v.* EMRICH & SCHORSCH (No. 2545) [1]

1. PARAGRAPH 1428, TARIFF ACT OF 1922—"JEWELRY * * * FINISHED OR UNFINISHED"—AMBER BEADS TEMPORARILY STRUNG.

Amber beads, graduated and strung on necklace-length strings, were classified by the collector under paragraph 1428, Tariff Act of 1922, which provides for "Jewelry * * * finished or unfinished." Proof that, before reaching the consumer, they are restrung and reassembled with stronger strings, in combination with different colored beads and crystal roundels, and that they are never made into necklaces by only adding clasps, shows that the strings of beads are not a definite article, either finished or unfinished, and removes the presumption of correctness attendant upon the collector's classification.

2. RELATIVE SPECIFICITY—BEADS AND ARTICLES MADE OF BEADS (PAR. 1403, TARIFF ACT OF 1922) AND MANUFACTURES OF AMBER (PAR. 1438).

Either the provision for beads or the one for articles made of beads, in paragraph 1403, Tariff Act of 1922, is more specific than the one in paragraph 1438 for manufactures of amber.

3. CONSTRUCTION, PARAGRAPH 1403, TARIFF ACT OF 1922—AIDED BY LANGUAGE OF FORMER ACTS—BEADS, STRUNG.

The bead paragraphs, 333 and 421 of the tariff acts of 1913 and 1909, respectively, expressly excluded beads "threaded or strung." The omission of such exclusion from paragraph 1403 of the act of 1922 indicates an intention to include them.

4. AMBER BEADS TEMPORARILY STRUNG.

Amber beads, graduated and strung on necklace-length strings, to be restrung and reassembled with stronger strings, in combination with different colored beads and crystal roundels, and fitted with clasps, are not articles made of beads, but are beads, under paragraph 1403, Tariff Act of 1922.

## United States Court of Customs Appeals, July 3, 1925

APPEAL from Board of United States General Appraisers, G. A. 8922 (T. D. 40629)

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *William H. Futrell,* special attorneys, of counsel), for the United States.

No appearance for appellees.

[Oral argument May 21, 1925, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

In this case the Government appealed from the judgment of the Board of General Appraisers, which sustained the protest of the importers to the dutiable classification as jewelry, at 80 per centum ad valorem, under paragraph 1428 of the Tariff Act of 1922, of strings of pure amber beads.

The beads were graduated and strung on strings of necklace length, the strings being of mercerized silk, tied at each end, and

[1] T. D. 41053.

without a clasp. In the importers' protest it was contended that they should have been assessed under paragraph 1438, as manufactures of amber, not specially provided for, at 20 per centum ad valorem, or at 60 per centum ad valorem under paragraph 1429 as semiprecious stones, or under paragraph 1403 as beads at 35 per centum ad valorem, or under the same paragraph as articles composed of beads at 60 per centum ad valorem, or under the last clause of the same paragraph, at 45 per centum ad valorem. There were other claims in the protest not necessary to consider here.

If there was no testimony in the case, under this court's ruling in the case of *United States* v. *Doragon Co. et al.*, 13 Ct. Cust. Appls. 182, T. D. 41051, and *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052, decided concurrently herewith, the classification by the collector of the importation, carrying with it the presumption of correctness, would have to stand, regardless of the fact that the beads were of amber. While the collector has not indicated whether he regards the importation as finished jewelry or unfinished jewelry, it is contended, by the Government, while supporting the collector's assessment before this court, that it is unfinished jewelry.

The provision for unfinished jewelry in the Tariff Act of 1922 is a new provision, and the question as to whether strings of beads may be unfinished jewelry has not been directly presented to this court for its determination.

Under the decisions of this and other courts, it seems to be settled that strings of beads permanently strung, with clasps, if composed of certain materials are necklaces, and, therefore, jewelry. See citations on this point in *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 18. The evidence in this case shows that the beads are graduated and sufficient in number to constitute a necklace, and we can see no reason why they would not make a desirable necklace, if finished by the addition of a clasp. The witnesses, however, stated positively, without contradiction, that these beads were restrung and reassembled, and that sometimes they added different colored beads and fixed them in various ways to sell to the trade; that they added various colored crystal roundels; that they never made them into necklaces in the condition in which they were imported by just putting on a clasp. There is nothing in the evidence showing that the beads after being restrung are the same in number and arrangement.

The beads in controversy, according to the testimony and judging from the exhibit, are not dedicated to the making of a certain definite article of jewelry, nor are they a certain definite article of jewelry in an incomplete or unfinished state. . Therefore, they were not properly classified by the collector as jewelry, regardless of whether he had intended to classify them as jewelry finished or jewelry unfinished.

The board's finding that the importation was a manufacture of amber is clearly erroneous. Eliminating the question as to whether the article is jewelry, we think the claims that it is (1) beads or (2) an article in chief value of beads, are the only ones entitled to serious consideration, both provisions being more specific than the manufactures of amber paragraph. It, therefore, remains to be determined under which part of paragraph 1403 the importation falls.

In *Rozelaar* v. *United States*, 12 Ct. Cust. Appls. 567, T. D. 40786, this court held that necklets, which were strung on cotton strings of different lengths, 90 per centum of which were sold in the condition imported, were strings of beads and that they were "articles" within the meaning of section 304 (a) which requires certain articles to be marked. In that case strings of beads, sold as such, were distinguished from beads.

While there are many cases involving the classification of strings of beads as articles composed of beads, we have found none presenting the exact question here involved, to wit: Are temporarily strung beads to be classified as articles composed of beads, when competing with a provision for beads, unmodified? The necessary implication drawn from the Rozelaar case, supra, is, that had the beads been temporarily strung and not sold as strings of beads, they (as a string of beads) would not have been declared to have been the "article," but would have been declared to have been beads, and the individual bead would have been the article.

Following this line of thought in the case at hand, it would seem that since the importation in question is beads temporarily strung, it is not an "article" composed of beads.

In the case of *Littauer* v. *United States*, 2 Ct. Cust. Appls. 314, strings of black glass beads 144 yards long, strung permanently on substantial cotton threads with knots between them, to be used in their strung condition as a trimming or fringe for women's wearing apparel, were classified as articles composed wholly or in chief value of beads. In that case, however, the paragraph under consideration, while containing a provision for beads, used different modifying words from those that are found in paragraph 1403 of the act of 1922.

In T. D. 40097, G. A. 8770, in the case of *Keer, Maurer Co.* v. *United States*, the board held graduated amethyst, rock crystal, and topaz beads, separated from each other by smaller graduated beads of a different color strung on a silk string of the same color as the larger beads in the string—each string being in necklace length—and which after importation are merely restrung and clasps attached, to be jewelry unfinished. This decision involved the Tariff Act of 1922, and we do not mean to approve or disapprove of it here. That question is not before us under the evidence in this case, in so far as

the proof shows these beads are used with other beads and restrung into an entirely different article from the article of importation.

Paragraph 1403 of the Tariff Act of 1922, paragraph 333 of the act of 1913, and paragraph 421 of the act of 1909, read as follows:

PAR. 1403. Spangles and *beads,* including bugles, but not including beads of ivory, or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; beads of ivory, 45 per centum ad valorem; fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliqued, or scalloped, composed wholly or in chief value of beads or spangles other than imitation pearl beads and beads in imitation of precious or semiprecious stones, 60 per centum ad valorem; imitation pearl beads of all kinds and shapes, or whatever material composed, strung or loose, mounted or unmounted, 60 per centum ad valorem; all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 45 per centum ad valorem: *Provided,* That no article composed wholly or in chief value of any of the foregoing beads or spangles shall pay duty at a less rate than is imposed in any paragraph of this act upon such articles without such beads or spangles. (Italics ours.)

PAR. 333. *Beads* and spangles of all kinds, including imitation pearl beads, *not threaded or strung,* or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains, and other articles not embroidered nor appliqued and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.    (Italics ours.)

PAR. 421. *Beads* and spangles of all kinds, including imitation pearl beads, *not threaded or strung,* or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; fabrics, nets or nettings, laces, embroideries, galloons, wearing apparel, ornaments, trimmings, curtains, fringes, and other articles not specially provided for in this section, *composed wholly or in chief value of beads* or spangles made of glass or paste, gelatin, metal, or other material, but not in part of wool, 60 per centum ad valorem: *Provided,* That no article composed wholly or in chief value of beads or spangles made of glass, paste, gelatin, metal , or other material shall pay duty at a less rate than is imposed in any paragraph of this section upon such articles without such beads or spangles.    (Italics ours.)

A comparison of paragraph 1403 of the act of 1922, paragraph 333 of the act of 1913, and paragraph 421 of the act of 1909, would seem to indicate that Congress, in omitting the phrase "not threaded or strung," intended to include in the general provision for beads all such articles as the importation at hand, which were temporarily strung and not to be reassembled and restrung in the same condition as imported, and we hold that it did so intend.

The judgment of the Board of General Appraisers is *reversed.*

SMITH and BARBER, Judges, concur in the conclusion.