UNITED STATES *v.* LAMPORT EXPORT CO. (No. 2919)[1]

United States Court of Customs Appeals, January 23, 1928

*Charles D. Lawrence,* Assistant Attorney General (*Fred C. Carter* and *Kenneth G. Osborn,* special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument October 12, 1927, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the United States Customs Court. The merchandise involved consists of amber beads temporarily strung on

T. D. 42569.

yellow silk cord. Those represented by Exhibit 1 are graduated. Those represented by Exhibit 2 are of uniform size. The strings are without clasps.

The merchandise was assessed for duty by the collector at the port of New York at 80 per centum ad valorem as unfinished jewelry under paragraph 1428 of the Tariff Act of 1922, which reads as follows:

PAR. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral or amber, or with imitation precious stones or imitation pearls, 80 per centum ad valorem; stampings, galleries, mesh and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 75 per centum ad valorem.

Several alternative claims were made in the protest. Only two are of importance here. The claim relied upon by the importers is that the articles are dutiable at 20 per centum ad valorem as precious stones, cut but not set, and suitable for use in the manufacture of jewelry, under paragraph 1429, which provides in part as follows:

PAR. 1429. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung, 20 per centum ad valorem; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem.

It was claimed in the alternative that the articles were beads and dutiable as such at 35 per centum ad valorem under paragraph 1403, the pertinent part of which is as follows:

PAR. 1403. Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; beads of ivory, 45 per centum ad valorem.

It appears from the record that the beads are of genuine amber; that they are temporarily strung, and, as imported, are not suitable to be worn either as necklaces or as strings of beads; that they are sometimes restrung with beads of other material; that each amber bead has to be perfect; and that, in restringing them, those with

"flaws" are rejected. In the language of one of the witnesses for the importer: "They have to be restrung on stronger thread, and I believe this sample [Exhibit 1] has to have a clasp attached.   *   *   * This [Exhibit 2] has to be finished, too, and also restrung."

Abraham Straus was called as a witness for the Government. He testified that he was a Government examiner of merchandise at the port of New York; that he had examined the merchandise in question; and that he had returned it as "unfinished jewelry, amber beads, strung on *silk substitute strings*, as unfinished jewelry." (Italics not quoted.)

The record in *United States* v. *Emrich & Schorsch*, 13 Ct. Cust. Appls. 199, T. D. 41053, was introduced in evidence by the Government. In that case this court held that "Amber beads, graduated and strung on necklace-length strings," never made into necklaces by only adding clasps but by restringing with stronger strings in combination with other beads and other material, were not dutiable as unfinished jewelry under paragraph 1428 of the Tariff Act of 1922, and were more specifically provided for as "beads" under paragraph 1403 than as manufactures of amber under paragraph 1438. The question of the applicability of paragraph 1429 was not raised in the case.

The importer introduced in evidence the record in G. A. 8469, T. D. 38883. In that case the court below had under consideration, along with other articles, "amber beads loose or loosely strung for facility in transportation only." With reference to the evidence the court said:

The evidence shows that the beads after they are made up for use are sold as necklaces, ornaments, and sometimes strung singly on silk tassels, and used as part of the trimming of a dress, on a girdle, or to hang on the neck. It was testified that on rare occasions amber is used for setting purposes in jewelry, such as rings.

The precise question before the court was whether the amber beads were dutiable as "beads" under paragraph 333 of the tariff act of 1913, or as precious stones, "cut but not set, and suitable for use in the manufacture of jewelry," under paragraph 357 of that act. Upon authority of the case of *United States* v. *Battiloro*, 9 Ct. Cust. Appls. 180, T. D. 38002, and cases cited therein, the court held the amber beads dutiable under paragraph 357 as "precious stones, cut but not set, and suitable for use in the manufacture of jewelry." This case was decided October 19, 1921.

In the case at bar the court below held that the merchandise was not jewelry, finished or unfinished; that it was material suitable for use in the manufacture of jewelry; and that, as the beads were precious stones, cut but not set, they were dutiable at 20 per centum ad valorem under paragraph 1429.

While counsel for the Government do not concede that the assessment as unfinished jewelry was wrong, their brief is confined to a

discussion of the proposition that the merchandise is dutiable as "beads" under paragraph 1403 rather than as "precious stones" under paragraph 1429. Upon the question of the applicability of the provision for unfinished jewelry, counsel for the Government say in their brief:

The court below found from the testimony that the beads are temporarily strung. Therefore under such authorities as United States v. Citroen (223, U. S. 407); Rozelaar v. United States (12 Ct. Cust. Appls. 567 T. D. 40896); United States v. Emrich & Schorsch (13 Ct. Cust. Appls. 199); and United States v. Wanamaker (14 Ct. Cust. Appls. 285 T. D. 41888, 50 Treas. Dec. 501), where beads are neither dedicated to the making of a single, definite article of jewelry, nor are they in an incomplete or unfinished state, they are not properly classifiable as jewelry, finished or unfinished. That for tariff purposes the bead, and not the article of which it temporarily forms a part, is the subject surrounding which the problem of classification is concerned.

In this connection the court below made the following finding, as will appear from its decision (R. 20):

(1) That this merchandise is rather materials for use in the manufacture of jewelry than jewelry, finished or unfinished, * * *.

It appears from the record that the beads in question are not suitable for use in their imported condition as necklaces or as strings of beads. They must be, and are, "restrung on stronger thread." When made into necklaces, clasps must be attached. They are sometimes restrung with beads of other material. They are used also in the making of articles other than necklaces and "strings of beads." In short, as imported, they are temporarily strung, and are material suitable for use in the manufacture of jewelry. They are, therefore, not jewelry, finished or unfinished. *United States* v. *Emrich & Schorsch*, 13 Ct. Cust. Appls. 199, T. D. 41053; *United States* v. *Wanamaker*, 14 Ct. Cust. Appls. 285, T. D. 41888.

Counsel for the Government claim that amber beads are not precious stones for tariff purposes; and that, as the provision in paragraph 1429 for materials and articles "suitable for use in the manufacture of jewelry" is limited to "diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set," they are not dutiable under that provision, although they are material suitable for use in the manufacture of jewelry.

Our attention is called to the following language in paragraph 1428 of the Tariff Act of 1922 and paragraph 356 of the act of 1913: "and whether or not set with precious or semiprecious stones, pearls, cameos, coral or *amber*, or with *imitation precious stones or imitation pearls.*" (Italics not quoted.)

It is argued that the specific mention of amber, along with pearls, cameos, and coral, and the plain limitation of the operation of the provision to such articles and to *imitation precious stones and imitation pearls* manifests a purpose to exclude amber for tariff purposes from the class of articles commonly recognized as precious stones.

In the jewelry material provision of paragraphs 1429 of the Tariff Act of 1922 and 357 of the act of 1913, amber is not named. The provision reads: "diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry." The quoted provision of paragraphs 1428 of the Tariff Act of 1922 and 356 of the act of 1913 is confined to "settings" for articles designed to be worn on apparel or carried on or about or attached to the person—a distinct and separate class of articles concerning which there has been much litigation. The quoted provision of paragraph 1429 of the Tariff Act of 1922 and paragraph 357 of the act of 1913 cover precious and semiprecious stones and other materials or articles, which, for the purposes of the paragraph, the Congress gave like character. It grouped together diamonds, coral, rubies, and cameos, and followed their enumeration with the language "and *other precious stones* and semiprecious stones." (Italics not quoted.)

It is true that the Congress made no special mention of amber in paragraph 448 of the tariff act of 1909, the language being "whether set or not set with diamonds, pearls, cameos, coral, or *other precious* or *semiprecious* stones, or imitations thereof," while paragraph 449 of that act contained the exact language used in paragraphs 357 and 1429, *supra*. (Italics not quoted.)

The question naturally arises: What was the purpose of the special mention of amber in the quoted provisions of paragraphs 356 and 1428?

In the case of *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 18, T. D. 36529, this court said:

There are herein certain samples of beaded necklaces made in imitation of amber beads. Inasmuch, however, as Congress in paragraph 357 has not classed amber as a precious or semiprecious stone or material for use in the manufacture of jewelry, and in paragraph 356 has expressly avoided its enumeration among the imitations of settings rated at 60 per cent, the purpose seems obvious not to have so rated for duty imitations of amber.

It should be borne in mind, however, that the court was there considering beaded necklaces made of *imitation* amber beads. They had been classified as "jewelry" under paragraph 356. They were claimed to be dutiable as "articles composed in chief value of beads" under paragraph 333. Paragraph 357 was not directly involved in the issues presented to the court. The case was considered further upon a rehearing (7 Ct. Cust. Appls. 161, T. D. 36465), and the court made the following observations:

In the latter case, however, it is urged that there is a conflict between this decision and that of American Bead Co. *v.* United States (7 Ct. Cust. Appls. 18; T. D. 36259) and United States *v.* American Bead Co. (3 Ct. Cust. Appls. 509; T. D. 35166), in that certain items in the latter were in fact imitations of amber, and were held to be imitation precious stones for use in the manufacture

of jewelry. It would seem sufficient to call attention to the fact that the opinion here in question, as in that case, endeavored to confine jewelry and imitation jewelry to those materials *named* in paragraph 356 as jewelry materials. That was the gist of the decision in American Bead Co. *v.* United States (7 Ct. Cust. Appls. 18; T. D. 36259) and United States *v.* American Bead Co. (3 Ct. Cust. Appls. 509; T. D. 35166). Paragraph 448, however, of the tariff act of 1909, under which the latter decision was rendered, in enumerating the materials out of which jewelry as therein provided for might be made, used the words "diamonds, pearls, cameos, coral, or *other* precious or semiprecious stones, or *imitations* thereof." Under that language, amber being in fact classed as a precious stone (see Standard Dictionary, Twentieth Century Edition, "stones, precious"), came within the classification of precious stones, wherefore imitations of amber were imitation precious stones. Paragraph 356 of the present act, however, under which this decision was rendered, differs in enumerating the jewelry materials as therein provided and speaks of "precious or semiprecious stones, pearls, cameos, coral, or *amber*, or with imitation precious stones or imitation pearls." The mention of "amber" without including imitations thereof *seems to confine this paragraph to genuine amber only.* The word "amber" did not appear in the amended act, 1909. It was deliberately inserted in the amending act of 1913, and the surrounding and corresponding modifying language carefully redisposed so that by no construction *can imitation amber be read into the paragraph as one of its members. The logical and only legal effect that can be accorded this deliberate action of Congress was to withdraw imitation amber and imitation amber articles from this paragraph.* The difference in the decisions, therefore, is rested in the difference in the language of the acts. (Beginning with the words "seems to" italics not quoted.)

It will be observed that, in its opinion on rehearing, the court confined its decision (pertaining to matters of issue here) to the classification of *imitation* amber and to a construction of paragraph 356, leaving for future consideration such questions as might thereafter be raised concerning paragraph 357. We have heretofore called attention to the fact that paragraph 357 of the act of 1913 was the predecessor of paragraph 1429 of the present act.

In the case of *United States* v. *Battiloro et al.*, 9 Ct. Cust. Appls. 180, T. D. 38002), this court held that "coral beads, graduated, on strings, in substantially necklace lengths, but concededly temporarily strung loosely for purposes of facility in transportation" were dutiable as jewelry material under paragraph 357 of the act of 1913, rather than as beads or beaded articles under paragraph 333 of that act. Relative to the issues there involved (and in some respects they were identical with those presented here) the court said:

In Loewenthal & Co. v. United States (6 Ct. Cust. Appls. 209; T. D. 35464) and American Bead Co. v. United States (7 Ct. Cust Appls. 18; T. D. 36259), upon the authority of the Morrison case, supra, and from an examination of statutes, decisions, and administrative practice since, this court has concluded the constant continuing purpose of Congress has been to regard beads and spangles and articles composed thereof as a separate and distinct subject of tariff classification and duty, *but not to be regarded as invading the field of the subject matter of paragraph 357 unless manifestly so intended,* as may be illustrated by the provision for "imitation pearl beads" now in paragraph 333.

The beads here are not of glass or paste or gelatin or metal but of coral, *eo nomine* referred to in paragraph 357, are cut and not set, and are suitable for use in the manufacture of jewelry. They are therefore exactly within the provisions of that paragraph. *We think, in view of the constant purpose of Congress above pointed out, it was not intended by the provision for beads of all kinds in paragraph 333 to wrench from paragraph 357 coral beads such as those under consideration here. If it were so, beads made of diamonds, rubies, and any and all other precious or semiprecious stones, suitable for use in the manufacture of jewelry, might likewise fall under paragraph 333, a classification which we think Congress designed to* prevent rather than to permit. (Italics not quoted.)

See also *United States* v. *Bartiromo* 9 Ct. Cust. Appls. 183, T. D. 38003.

From these observations it is evident that, if it was the purpose of the Congress to include amber as a precious stone in paragraph 1429 (the beads in question having been cut but not set and being jewelry material), the merchandise is dutiable under that paragraph rather than as "beads" under paragraph 1403.

In discussing this question, prefatorily, we may say that, as commonly understood, amber is classified as a precious stone. *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 161–166, T. D. 36465; G. A. 8469, T. D. 38883.

In considering the involved provisions of paragraphs 1428 and 1429, it should be noted that the provision in 1428 relates exclusively to settings for that large and distinct class of articles "designed to be worn on apparel or carried on or about or attached to the person." Jewelry materials is not the subject upon which the Congress was legislating. Nor was it intended to group, for tariff classification, the articles or materials to be considered as precious or semiprecious stones. Obviously, it was not intended to exclude amber from the provision, for it was expressly included by name. We are of opinion that the court was right in holding in the decision on rehearing·in the *American Bead Co.* case, in considering paragraph 356 of the Tariff Act of 1913, that "The logical and only legal effect that can be accorded this deliberate action of Congress was to *withdraw imitation amber* and *imitation amber articles from this paragraph.*" (Italics not quoted.) Consistently with that decision and in accordance with the reasoning here advanced, we think that it was intended, by the mention of amber in the involved provision of paragraph 1428 of the Tariff Act of 1922, to exclude *imitation* amber therefrom.

It will be noted, however, that the provision in paragraph 1429 relates to articles and materials suitable for use in the manufacture of jewelry—"diamonds, coral, rubies, cameos, and *other* precious stones and semiprecious stones, cut but not set." (Italics not quoted.) It is obvious that the purpose of this provision is separate and distinct from that of the one in paragraph 1428. We think the Congress has manifested an intention, by the language "and other precious stones and semiprecious stones, cut but not set," in paragraph 1429, to

include all such as were suitable for use in the manufacture of jewelry. Accordingly, amber being in fact a precious stone and suitable for such use, it seems to us that, had it been intended to exclude it from the provision, the Congress would have expressly excepted it. We are confirmed in this view by the fact that, in October, 1921, the court below held that amber beads were dutiable under the provision for "precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry" in paragraph 357 of the Tariff Act of 1913. G. A. 8469, T. D. 38883. This decision was known to the Congress at the time of the enactment of the Tariff Act of 1922. Nevertheless, the exact language of paragraph 357 of the act of 1913 was inserted in paragraph 1429 of the Tariff Act of 1922. It must be presumed, therefore, that the Congress approved this construction placed upon paragraph 357, and intended to give amber the same classification under paragraph 1429.

For the reasons stated, the judgment is *affirmed*.