**No. 47233.**—Protest 954879–G/87970 of American Jewelers Bureau, Inc. (Chicago).

Opinion by OLIVER, P. J. A sample of the merchandise admitted in evidence (exhibit 1) consists of three strands of cultured pearls, without a clasp, converging on a large central pearl. The president of the importing corporation testified that pearls imported in strands by his firm are restrung into necklaces and bracelets and that the loose ones are used as settings in rings and earrings in cultured pearl jewelry; that the merchandise in question is unfit for use in its imported condition for the reason that where the necklace joins in the center it is on a temporary cord tied with a little knot and would last only a short time; that the imported merchandise was restrung on strong silk cords and fitted with clasps to put them in salable condition as necklaces. On cross-examination this witness testified that the three strings are merely tied without going through the large pearl in the center, which is essential to the production of a piece of jewelry. A sample of the imported pearls as finally assembled as a necklace was produced by the witness and admitted as illustrative exhibit A. The examiner of merchandise testified on behalf of the defendant but his testimony was held not sufficient to rebut that introduced by the plaintiff. *Hecht Pearl Co.* v. *United States* (18 C. C. P. A. 171, T. D. 44375), cited by counsel for defendant, distinguished. The court found that the pearls in question come within the classification of the case of *United States* v. *Lamport Export Co.* (15 Ct. Cust. Appls. 394, T. D. 42569). Following the reasoning applied in that case, and cases therein cited, the merchandise in question was held dutiable at 10 percent under paragraph 1528 as claimed.